IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AUTHOR RAY TURNER, )
)
    Plaintiff, )
)
v. ) Case No. 3:12-cv-206
)
HEATHER BORROWER, et al., ) Judge Haynes
)
    Defendants. )

MEMORANDUM

    Plaintiff Author Ray Turner, an inmate at the Davidson County Criminal Justice Center, in Nashville, filed this action under 42 U.S.C. § 1983 against Defendants: Heather Borrower, David D Torrance and the Davidson County Criminal Court Clerk's Office.

    Under the Prison Litigation Reform Act ("PLRA"), this Court must screen a *pro se* prisoner's civil complaint filed *in forma pauperis*. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must *sua sponte* dismiss the complaint or any portion thereof if found to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To avoid dismissal, a complaint must simply include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A. Analysis of the Complaint

    According to the complaint, Plaintiff pled guilty in November 1995, in the Criminal Court of Morgan County at Wartburg, Tennessee, under a plea agreement, to one count of especially aggravated kidnaping, one count of aggravated robbery, and two counts of aggravated rape. *Turner v. Mills*, No. E2009-00194-CCA-R3-HC, 2010 WL 1949143, at *1(Tenn. Ct. Crim. App. May 13, 2010). After accepting the plea, the trial court sentenced Plaintiff to 20 years' on each aggravated rape conviction, 20 years for the

especially aggravated kidnaping conviction, and 10 years for the aggravated robbery conviction. The two rape sentences were concurrent. The aggravated kidnaping and aggravated robbery sentences were to be served concurrently with each other, but the kidnapping sentences were consecutive to the rape sentences, for an effective sentence of 40 years.

In December 2008, Plaintiff filed a state habeas action challenging his sentence as contrary to the 30-percent release eligibility statutes, Tenn. Code Ann. § 39-13-523(b). The state trial court dismissed the petition, but the Tennessee Court of Criminal Appeals held that the aggravated rape sentences were void, and remanded for whether the petitioner would be entitled to withdraw his plea if he could not reach an agreement with the State. *Turner v. Mills*, No. E2009-00194-CCA-R3-HC, 2010 WL 1949143, at *3–*4 (Tenn. Ct. Crim. App. May 13, 2010).

On remand in December 2010, the state trial court ruled that the 30-percent release eligibility was a material element of Petitioner's plea agreement (Docket Entry No. 1, Complaint, Exhibit D, at 27–28) and vacated Plaintiff's conviction. That court transferred the proceeding to the Davidson County Criminal Court for further proceedings. The state trial court noted that the petitioner would be entitled to withdraw his plea, if he were unable to reach an agreement with the State, citing *McConnell v. State*, 12 S.W.3d 795, 800 (Tenn. 2000), and *Summer v. Fortner*, 267 S.W.3d 1, 7 (Tenn. Ct. Crim. App. 2008).

The complaint and the documents attached thereto, suggest that Plaintiff was transferred to the Davidson County Criminal Justice Center shortly after his state habeas petition was granted. Plaintiff filed *pro se* motions for bail, appointment of counsel, and a speedy trial. Yet, Plaintiff alleges that defendant Helen Borrower, an assistant clerk of court for Judge Dozier, refused to docket his *pro se* motions. Plaintiff, however, has retained counsel. Plaintiff wrote letters complaining of Borrower to former Davidson County Criminal Court Clerk David Torrence, and later to current Criminal Court Clerk Tommy Bradley.

Plaintiff appointed counsel received information Plaintiff requested, apparently prior to September 22, 2011. (*See* Complaint Ex. A, ECF No. 1, at 20 (9/22/2011 email from Asst. Metro. Attorney Susan T. Jones to Public Defender Jon Wing, noting that Wing was representing Turner and that his issues had apparently been resolved).)

Plaintiff seeks damages and injunctive relief against defendants Heather Borrower and David

-2-

Torrence in both their official and individual capacity, and the Davidson County Criminal Court Clerk's Office for violations of his constitutional rights under the Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution.

### B. Conclusions of Law

For claim under 42 U.S.C. § 1983, a plaintiff must allege "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). Plaintiff's claims against Torrence and Borrower in their official capacities are in effect claims against the Davidson County Criminal Court Clerk's Office, a unit of county government. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official capacity suit is, in all respects other than named, to be treated as a suit against the entity."); *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) ("[A] lawsuit against an officer in his official capacity and against the governmental entity, such as a city, are functionally the same and should therefore be subjected to the same analysis.").

For these claims, Plaintiff must allege facts suggestive of the "execution of a [county] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [complained of] injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see id.* at 690 ("[T]he touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution."). Thus, a county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty.*, 989 F.2d 885, 889 (6th Cir. 1993).

Here, acting under color of state law as a deputy clerk, Defendant Borrower allegedly refused to docket Plaintiff's motions for his right to a speedy trial, right to access the courts, and right as a criminal defendant to prompt appointment of counsel. For his claim against David Torrence in his individual capacity Plaintiff alleges that he appealed directly to Torrence, about Borrower's refusals through a number of letters, but Torrence failed to ensure that Plaintiff's motions were docketed.

When a criminal defendant is represented by counsel, a court can elect not to file or consider his motions. United States v. Conder, 423 F.2d 904, 908 (6th Cir. 1970). For any First Amendment right of

access, Plaintiff must show actual prejudice. Lewis v. Casey, 518 U.S. 343, 349-50 (1996). Given the appointment of counsel and Plaintiff's counsel receipt of the papers Plaintiff requested of the state court, the Court concludes that Plaintiff has not suffered any prejudice.

In light of his pending criminal proceeding, abstention form this action is also appropriate. Leveye v. Metropolitan Public Defender's Office, 73 Fed. Appx. 792, 794 (6th Cir. 2003).

Accordingly, the Court concludes that Plaintiff's complaint fails to state grounds for relief.

An appropriate order is filed herewith.

**ENTERED** this the 28th day of March, 2012.

William J. Haynes, Jr.
United States District Judge