IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AUTHOR RAY TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:12-cv-206 |
| HEATHER BORROWER, et al., | ) ) Judge Haynes |
| Defendants. | ) ) |

## ORDER

Plaintiff Author Ray Turner, an inmate at the Davidson County Sheriff's Office in the Criminal Justice Center, in Nashville, filed this action under 42 U.S.C. § 1983 (Docket Entry No. 1). By separate Order, the Court granted Plaintiff's application to proceed without prepayment of fees and costs, and has directed that the complaint be filed *in forma pauperis*.

Under the Prison Litigation Reform Act (PLRA), the courts are required to screen a prisoner's civil complaint where, as here, the complaint is brought *in forma pauperis* or against a governmental entity or official. 28 U.S.C. §§ 1915(e)(2), 1915A. After the initial screening, the Court must, based on the Sixth Circuit's interpretation of the PLRA, *sua sponte* dismiss the complaint or any portion thereof before service on any defendant if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In accordance with the Memorandum filed herewith, and pursuant to 28 U.S.C. § 1915A(b)(1) this action is **DISMISSED with prejudice** for failure to state a claim upon which relief maybe granted.

Given that Plaintiff's application was granted and pursuant to 28 U.S.C. § 1915(b), Plaintiff is nonetheless assessed the full $350.00 civil filing fee. The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's inmate trust account; or (b) 20% of the average monthly balance in Plaintiff's inmate trust fund account for the six-month period immediately

preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when Plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **SHALL** send a copy of this order to the Administrator of the Davidson County Criminal Justice Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. Should Plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows Plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

It is so **ORDERED**.

This the 27th day of March, 2012.

William J. Haynes, Jr
United States District Judge